# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TERRIANA KNIGHT &**                                                                          **PLAINTIFFS**
**TERRY KNIGHT**

**v.**                                                           **CIVIL ACTION NO. 2:17-CV-54-KS-MTP**

**BYRON L. SMITH &**
**SAFEWAY INSURANCE COMPANY**                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand [6]. For the reasons below, the motion is **granted in part and denied in part**. Plaintiffs' claims against Defendant Byron L. Smith ("Smith") shall be severed and remanded immediately to the Circuit Court of Covington County, Mississippi. The Court will retain Plaintiffs' claims against Defendant Safeway Insurance Company ("Safeway").

## I.  BACKGROUND

Terrianna Knight and Terry Knight ("Plaintiffs") initiated this action in the Circuit Court of Covington County, Mississippi on January 26, 2016. Defendant Safeway filed a Notice of Removal [1] in this Court on April 24, 2017. Plaintiffs filed their Motion to Remand [6] on May 18, 2017. The Motion [6] has been briefed by both parties and is now ripe for consideration.

This action arises out of a motor vehicle collision between Plaintiff Terriana Knight and Defendant Smith on January 24, 2016. At the time of the collision, Plaintiffs allege that Smith was uninsured and that they held an uninsured motorist policy issued by Safeway. (Compl. [4-1] at ¶¶ 14, 22.) In their Complaint [4-1], Plaintiffs state separate claims against Smith for negligence related to the motor vehicle collision and against Safeway for various wrongs, including bad faith,

1

economic duress, fraud, and negligence, related to Safeway's alleged failure to pay claims under the uninsured motorist policy.[1]

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Kokkonen v. Guar. Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005). In this case, Plaintiffs and Defendant Smith are all citizens of Mississippi, while Defendant Safeway is a citizen of Illinois. As a result, there is not complete diversity of citizenship sufficient for diversity jurisdiction. However, Defendants argue that the claims against Smith and Safeway are fraudulently misjoined. (Notice of Removal [1] at ¶ VII.)

In determining if claims are fraudulently misjoined, the Court asks whether "there is a reasonable possibility that the state court would find joinder proper." *Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 524 (S.D. Miss. 2008). If there is such a reasonable possibility, the Plaintiff's choice of forum prevails and the Court will remand. *Id.* If there is not, the Court will sever the claims and remand those over which it does not have jurisdiction. *Id.*

Mississippi Rule of Civil Procedure 20(a) allows parties to be joined as defendants in the same action "if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, *and* if any question of

---

[1] It is telling that Plaintiffs' claim of negligence against Smith is not listed as a numbered count of the Complaint while Plaintiffs' claims against Safeway are listed in numbered counts. (Compl. at ¶ 17.)

law or fact common to all defendants will arise in the action." Miss. R. Civ. P. 20(a) (emphasis added). To satisfy the "same transaction or occurrence" portion of Miss. R. Civ. P. 20, there must be a "distinct litigable event linking the parties." *Miss. Farm Bureau Fed'n v. Roberts*, 927 So. 2d 739, 741 (Miss. 2006) (citing *Wyeth-Ayerst Labs. v. Caldwell*, 905 So. 2d 1205, 1208 (Miss. 2005)).

> To determine if a distinct litigable event linking the parties exists, the courts should consider: whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place. Also, when determining if joinder is appropriate, it is important to consider whether the proof presented to the jury would be confusing due to the multiplicity of facts.

*Hegwood v. Williamson*, 949 So. 2d 728, 730-31 (Miss. 2007) (formatting and citations omitted). This reasoning has also been applied to joinder of defendants under Miss. R. Civ. P. 20(a). *See*, e.g., *Palermo*, 549 F. Supp. 2d at 524, *Hegwood*, 949 So. 2d at 730.

In *Hegwood v. Williamson*, the Mississippi Supreme Court held that claims against a driver and an insurer arising out of an automobile accident and a subsequent unpaid insurance claim should have been severed because the claims arose out of separate litigable events and involved different issues of law and fact. *Id.* at 731. The court reasoned that a negligence claim against a driver and a bad faith claim against an insurer, though related to the same accident, allege wrongdoing occurring at different times and require different witnesses and evidence. *Id.*

Like in *Hegwood*, Plaintiffs assert claims arising out of separate litigable events. Plaintiffs' claim of negligence against Defendant Smith arises out of alleged wrongdoing at the time of the motor vehicle collision and will require evidence of what occurred at the time of the collision. Plaintiffs' claims against Defendant Safeway arise out of the alleged actions of Safeway during

3

the formation of any contract related to the uninsured motorist policy and the alleged actions of Safeway in response to the claim filed by Plaintiffs under that policy. Those claims will require a great deal of evidence that is unrelated to the collision. The claims involve different actors and different legal standards. The claims against Defendants arise out of different litigable events. As a result, the first requirement of Miss. R. Civ. P. 20(a) is not satisfied. There is no reasonable possibility that the Mississippi courts would find joinder proper; the claims against Defendants are fraudulently misjoined and should be severed.

Plaintiffs make an additional argument that claims against Defendants are somehow properly joined because Miss. R. Civ. P. 57(b)(2) allows parties to seek a declaratory judgment against insurers who have denied that a contract covers a party's claim against an insured. (Br. Supp. Pls' Mot. Remand at p. 8.) The Court rejects this argument outright for two reasons. First, Plaintiffs do not seek a declaratory judgment against Safeway anywhere in their Complaint. Second, whether the Plaintiffs have a right to bring a declaratory judgment action against Safeway does not resolve the issue at hand, which is whether the claims against Defendants Smith and Safeway are properly joined.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand [6] is **granted in part and denied in part**. Plaintiffs' claim against Defendant Byron L. Smith shall be severed and immediately remanded to the Circuit Court of Covington County, Mississippi. The Court will retain Plaintiffs' claims against Safeway Insurance Company.

SO ORDERED AND ADJUDGED, on this, the 3rd day of July, 2017.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE